BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JUL 18 1974
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE ALODEX CORPORATION       )
SECURITIES LITIGATION          )   DOCKET NO. 165
                               )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of two actions in the Southern District of Iowa and one action in the District of Minnesota involving a real estate development project in Des Moines, Iowa. Plaintiffs exchanged their interests in certain Iowa property for stock in the Alodex Corporation. These actions arise out of that transaction and plaintiffs allege that defendants, Alodex, its accountants and two individuals, committed common law fraud and violations of the federal securities laws by misrepresenting and failing to disclose material facts concerning Alodex's ailing financial condition prior to the exchange.

Alodex and the two individual defendants move the Panel for an order transferring all actions to the Western District of Tennessee for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Plaintiffs oppose transfer and, in the alternative, favor the Southern District of Iowa as the appropriate transferee forum. We find that these actions raise

---

* Although Judges Murrah, Becker and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

common questions of fact and that transfer of the Minnesota action to the Southern District of Iowa for coordinated or consolidated pretrial proceedings with the actions already pending in that district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs maintain that coordinated or consolidated pretrial proceedings are unnecessary because the factual issues in these actions are relatively simple. We disagree. These actions involve many common questions of fact concerning Alodex's financial condition and, as is usually the case in multidistrict securities litigation, these common factual issues are sufficiently complex to warrant transfer of all actions to a single district under Section 1407. Such a transfer insures that the possibility of duplicative discovery or inconsistent pretrial rulings will be avoided. And by entrusting the supervision of the pretrial proceedings in all actions to a single judge, substantial savings of judicial time and resources and the expeditious termination of the pretrial phase of the litigation will result.

Inasmuch as two of the three actions in this litigation are already pending in the Southern District of Iowa and proceeding with discovery, that district is the most appropriate transferee forum. Although movants urge the Western District of Tennessee as the transferee forum, none of the actions in this litigation is pending in that district and it is clear from the papers submitted and oral argument before the Panel that movants are primarily concerned with having the three actions transferred to a single

- 3 -

district for Section 1407 treatment. Indeed, they concede that they would not be prejudiced by transfer of the actions to the Southern District of Iowa and they do not strenuously object to that district as the transferee forum.

IT IS THEREFORE ORDERED that the action listed on the attached Schedule A pending in the District of Minnesota be, and the same hereby is, transferred pursuant to 28 U.S.C. §1407 to the Southern District of Iowa and, with the consent of that court, assigned to the Honorable William C. Hanson for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A which are already pending in that district.

| | |
|---|---|
| **SCHEDULE A** | **DOCKET NO. 165** |

### SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Marlin Cole v. Alodex Corp., et al. | Civil Action No. 73-2452 |
| Constance N. Belin, et al. v. Alodex Corp., et al. | Civil Action No. 74-14-2 |

### DISTRICT OF MINNESOTA

| | |
|---|---|
| Northwest Growth Fund, Inc. v. Alodex Corp., et al. | Civil Action No. 4-73-Civ-605 |